# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## JANUARY TERM, 1871.

[No. 2,567.]

## CHARLES E. MACK *v.* MURRY MORRISON AND JANE F. WHITE, EXECUTOR AND EXECUTRIX OF THE ESTATE OF T. J. WHITE, DECEASED.

CONSTRUCTION OF WRITTEN CONTRACT.—Where W. sold to M. a tract of land, supposed to be part of a Mexican grant, for two thousand dollars, six hundred dollars of which was paid down, and it was agreed: first, that the remaining fourteen hundred dollars should be paid when the grant should be finally confirmed and patent issued thereon, embracing these lands; second, that if the title to the grant should be rejected, or, if confirmed, not embrace the land sold, M. should be absolved from further payments; and, third, that if the title should be rejected the six hundred dollars paid should be refunded: *held*, that a confirmation of the grant, with such boundaries as not to include the tract sold, did not entitle M. to recover the six hundred dollars paid.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The defendants were the executor and the executrix of the estate of T. J. White, deceased. A copy of the contract was annexed to, and made a part of, the complaint. The contract was dated March 30th, 1858, and the complaint averred that the Sutter grant was confirmed and a patent issued therefor June 20th, 1860, but that the lots sold were not embraced within the boundaries of the grant. The defendants demurred to the complaint. The Court below overruled the demurrer, and the defendants declining to answer, judgment was rendered for the plaintiff, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants.

The purchasers took the chances of the confirmed grant embracing the *locus in quo*, and they may have borne such a relation to the property as to have made this arrangement worth to them the six hundred dollars which they paid down for it.

*Charles H. Larrabee*, also for Appellants.

*Alexander, Armstrong & Hinkson*, for Respondents, argued that it was the intention of the parties, as shown by the terms of the contract, that the purchasers should have a good title to the land or receive their money back.

By the Court, WALLACE, J.:

Dr. White, in his lifetime, sold to the plaintiff certain "ten acre lots" lying in Sacramento County, south of the city. The whole purchase price was two thousand dollars; six hundred dollars of this sum was paid in hand. Mack *was to pay* the other one thousand four hundred dollars whenever the Sutter title should be finally confirmed and a patent issued thereon embracing these lands. This is substantially

repeated in a subsequent part of the contract, in which it is provided that Mack *is not to pay* the one thousand four hundred dollars if the Sutter title shall be finally rejected or so confirmed as not to embrace these lands.   It is then provided that "in case of the *rejection* of said title as aforesaid," Dr. White is to repay the six hundred dollars.   It turned out afterward that the Sutter title was not "*rejected*," but was "*confirmed;*" but so confirmed as to exclude these lands. The precise condition upon which Mack was to be released from further payment has thus happened.   But he claims that he is, thereby, also entitled to receive again the six hundred dollars.   If that is the real meaning of the contract, the parties have been at considerable pains to obscure, it. They say, "and it is further expressly understood and agreed by and between the parties hereto, that if said Sutter title shall be finally rejected by the United States Courts, or, if confirmed, not embrace the lands above described, then and in that event the above obligation on the part of the said parties of the second part to pay said one thousand four hundred dollars, and interest as aforesaid, shall be null and void."   Here they might have added the words: "and said party of the first part shall also repay said six hundred dollars."   This would have expressed the agreement just as the plaintiff now claims to understand it.   Instead of doing this, however, they add (immediately after the words "null and void") these words: that "in case of a rejection of said title as aforesaid," Dr. White is to pay the six hundred dollars.

The parties seem to have contemplated three contingencies, each of which was to produce a result different from either of the others:

First—The Sutter grant might be rejected in toto, in which event Mack was not only to be relieved from the payment of the one thousand four hundred dollars, but White was to repay him the six hundred dollars already received.

Second—The grant might be confirmed so as to embrace these lands, in which event White was not only to keep the six hundred dollars, but Mack was to pay the remaining one thousand four hundred dollars.

Third—The grant might be confirmed, but not so as to include these lands within the lines of the confirmation, in which case no provision was made for the further payment by Mack, nor for the returning by White of money already paid.

The parties evidently used great care to so express themselves in the contract, and might much more easily and with fewer words have said, if they had so intended, that if these lands should be included in the Sutter patent, then Mack was to pay the balance, otherwise White was to refund the sum already received. Why they thus made a distinction between a total rejection of the Sutter grant on the one hand, and such a confirmation of it as would omit these lands on the other, was a matter for them and not for us to consider. We only see that they have done so. The record is entirely silent as to the possession of the lands when the contract was made. If Mack received it at the time from White, or if he already held it in hostility to the Sutter claim, it would not be difficult to see why this distinction was made.

The judgment is reversed and the cause remanded, with directions to sustain the demurrer to the complaint.

Mr. Justice SPRAGUE did not express an opinion.